**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EDWARD ALAN TERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-869-HEA |
| | ) |
| DR. TODD P., et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Edward Alan Terry, a pretrial detainee at the St. Louis County Justice Center ("SLCJC"), for leave to commence this civil action without payment of the required filing fee. (ECF No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $2.04. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will issue service on defendant Dr. Todd P. in his individual capacity. The Court will dismiss plaintiff's claims against defendants Kerri Kelly and the Entire Nursing Staff in their individual capacities.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff has submitted a copy of his inmate account statement. (ECF No. 4). A review of plaintiff's account indicates an average monthly deposit of $10.18 and an average monthly balance of negative $1.56. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.04, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-

73 (8th Cir. 2016) (stating that a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, a pretrial detainee, brings this action under 42 U.S.C. § 1983. Named as defendants are Dr. Todd P. (Physician Assistant, SLCJC); Kerri Kelly (Registered Nurse, SLCJC), and the "Entire Nursing Staff." Plaintiff sues defendants in their individual capacities only.

Plaintiff states that on July 2, 2019, "Dr. Todd received the lab results for [his] Dylantin levels and noticed that they were high (24)." Plaintiff states that Dr. Todd "did nothing to prevent [his] condition from getting worse." Plaintiff alleges that Dr. Todd's inaction caused him severe

3

dizziness, loss of consciousness, anemia, and left leg nerve damage which temporarily required him to use a cane to ambulate.

Plaintiff states his condition "was so bad" that on July 29, 2019 he was placed in SLCJC's infirmary and an unidentified doctor discontinued his Dylantin prescription. On July 30, 2019, plaintiff alleges that Nurse Kelly negligently "failed to read the doctor's order" and provided him with a Dylantin injection, which caused "a violent epileptic seizure." Later that day, plaintiff states he was brought to St. Mary's Hospital for treatment.

Plaintiff alleges that Dr. Todd subsequently "re-prescribed" him with Dylantin despite knowledge of the negative side effects. Plaintiff states that on September 2, 2019 Dr. Todd replaced Dylantin with Kepra because it "was causing plaintiff's red and white blood cell count to drop below normal [and] caused plaintiff's vision to [permanently] blur."

Plaintiff seeks relief in the amount of $1,500,000 for permanent damage to the nerves in his left leg and $750,000 for emotional and mental distress.

## Discussion

### A. Dr. Todd P.

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). *See also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th

4

Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

To survive initial review, plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. To adequately plead deliberate indifference, plaintiff must allege that he suffered from an objectively serious medical need and that defendant actually knew of, but deliberately disregarded the need. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

Here, plaintiff alleges that Dr. Todd continued to prescribe Dylantin even after plaintiff was hospitalized for a seizure caused by the medication. This allegation is sufficient to state a claim of deliberate indifference. A seizure is a serious medical need and plaintiff adequately alleged that Dr. Todd knew of and disregarded the serious side effect by continuing to prescribe Dylantin. *See Lair v. Oglesby*, 859 F.2d 605, 606 (8th Cir. 1988) (plaintiff stated a claim for relief under § 1983 when he alleged the doctor continued to prescribe medication after being advised plaintiff suffered an allergic reaction, a sore neck and swollen tongue, to the drug). *See also Garrabrant v. Swalls*, 2019 WL 2025174, at *2 (S.D. Ill. May 8, 2019) (allegation that doctor continued with a prescription that caused a seizure is "sufficient to state a viable deliberate indifference claim").

Accordingly, the Clerk of Court will be directed to serve process upon defendant Dr. Todd P. in his individual capacity as to plaintiff's claim for deliberate indifference of his medical needs.

### B.  Nurse Kerri Kelly

In order to succeed on an Eighth Amendment claim, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998).  The law is well settled that to establish deliberate indifference, plaintiff must show more than negligence or even gross negligence to establish a constitutional violation for denial of medical care.  *See Popoalii v. Corr. Med. Serv's*, 512 F.3d 488, 499 (8th Cir. 2008); *Estelle*, 429 U.S. at 106 n. 14.

Here, plaintiff alleges that on July 30, 2019, Nurse Kelly "failed to read the doctor's order that [he] was not to be given anymore Dylantin" and administered an injection of the drug to plaintiff, which caused a seizure.  Plaintiff does not allege that Nurse Kelly acted intentionally or purposefully in administering the medication.  Because a claim of mere negligence or medical malpractice is not cognizable in a § 1983 proceeding, plaintiff's claim against Nurse Kelly cannot withstand pre-service review.  *See e.g.*, *Spann v. Roper*, 453 F.3d 1007, 1008 (8th Cir. 2006) ("Nurse [] did not exhibit deliberate indifference by forcing [inmate] to take another inmate's medication because it is undisputed this was a mistake"); *McFadden v. Redwitch*, 2014 WL 2196088, at *2 (W.D.N.C. May 27, 2014) (finding no Eighth Amendment violation when nurse mistakenly gave plaintiff another inmate's medications); *Alexander v. Harry*, 2020 WL 1911501, at *7 (M.D. Pa. Apr. 20, 2020) ("Plaintiff's claim against Defendant Nurse [] for an erroneous prescription is one of mistake, negligence and/or malpractice only, and such claims are not

6

cognizable in a § 1983 proceeding"); and *McClain v. Howard*, 2015 WL 6123063, at *9 (W.D. Ark. Sept. 21, 2015) (finding that giving an inmate the wrong medication on a single occasion at most supports a finding that the officer was negligent).

Thus, plaintiff's allegation for deliberate indifference against Nurse Kelly in her individual capacity fails to state a claim upon which relief may be granted and will be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

### C.  Entire Nursing Staff

The "Entire Nursing Staff" is not a proper defendant.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).  A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).  Conclusory allegations that entire groups have violated a constitutional right are not acceptable and will be dismissed. *See e.g.*, *Bice v. Jordan*, 2010 WL 1187213, at *2 (E.D. Mo. Mar. 29, 2010) (dismissing "Nursing Staff" as improper defendant).

Thus, plaintiff's claims against the "Entire Nursing Staff" in their individual capacities will be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (ECF No. 2). In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $2.04 within

twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendant Dr. Todd P., in his individual capacity, as to plaintiff's deliberate indifference claim under the Eighth Amendment.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Kerri Kelly and the Entire Nursing Staff in their individual capacities are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendants Kerri Kelly and the Entire Nursing Staff are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** without prejudice.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 16th day of July, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE