# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWARD ALAN TERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-869-HEA |
| ) | |
| TODD P., ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's second motion for appointment of counsel. (ECF No. 24). For the following reasons, the motion will be denied without prejudice. Additionally, the Court will *sua sponte* grant plaintiff additional time to respond to defendant Todd T. Parker's[1] motion to dismiss.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to

---

[1] Plaintiff filed the instant action naming "Dr. Todd P." as a defendant who has now been identified as Todd T. Parker, NP. *See* ECF No. 21.

investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time.  On July 16, 2020, the Court granted plaintiff's motion to proceed *in forma* pauperis, reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), and directed the Clerk of Court to issue process or cause process to issue on the complaint as to defendant Parker in his individual capacity as to plaintiff's claim of deliberate indifference. (ECF No. 7).  Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. Thus, the Court will deny plaintiff's second motion for appointment of counsel but will entertain future motions for appointment of counsel as the case progresses.

Plaintiff's response to defendant Parker's motion to dismiss is currently due on December 20, 2020.  However, in consideration of plaintiff's self-represented status and in light of the Court's denial of his second motion for appointment of counsel, the Court will *sua sponte* grant plaintiff additional time to submit a written response to defendant Todd T. Parker's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion for appointment of counsel is **DENIED** without prejudice.   [ECF No. 24].

**IT IS FURTHER ORDERED** that plaintiff has until **January 20, 2021** to submit to the Court a written response to defendant Todd T. Parker's motion to dismiss.

**IT IS FURTHER ORDERED** that, on the Court's own motion, the Clerk of the Court shall amend the caption to substitute "Dr. Todd P." with Todd T. Parker, NP and amend the short caption to "Terry v. Parker."

Dated this 11th day of December, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE