**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EDWARD ALAN TERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-869-HEA |
| ) | |
| TODD T. PARKER, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant Todd T. Parker's motion to dismiss plaintiff's complaint. ECF No. 21. Self-represented plaintiff Edward Alan Terry filed a response to the motion to dismiss. ECF No. 26. Defendant filed a reply. ECF No. 27. The matter is now fully briefed for the Court's review. For the reasons discussed below, the motion will be denied, and the Court will issue a case management order by separate order.

**I. Background**

Self-represented plaintiff Edward Alan Terry is currently incarcerated at Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. On June 29, 2020, plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 against Dr. Todd P. (Physician Assistant); Kerri Kelly (Registered Nurse), and the "Entire Nursing Staff" in their individual capacities only. The allegations within plaintiff's complaint took place while he was a pretrial detainee at the St. Louis County Justice Center ("SLCJC") and all defendants were alleged to be employees of SLCJC.

Plaintiff alleged that on July 2, 2019 "Dr. Todd received the lab results for [his] D[i]lantin levels and noticed that they were high (24)" but "did nothing to prevent [his] condition from getting worse." Plaintiff asserted Dr. Todd's inaction caused him severe dizziness, loss of consciousness,

anemia, and left leg nerve damage which temporarily required him to use a cane to ambulate. Plaintiff alleged his condition "was so bad" that on July 29, 2019 he was placed in SLCJC's infirmary and an unnamed doctor discontinued his Dilantin prescription "to prevent further injury." Attached to plaintiff's complaint is a "Formal Inmate Grievance Response Form" in which defendant Kerri Kelly, RN Lead Supervisor, responded to two of plaintiff's grievances related to his care at SLCJC after his lab results were received. ECF No. 1-1 at 2. Nurse Kelly wrote: "When the lab results were received and reviewed, you were sent immediately to the hospital and received care for your symptoms. You then returned to the infirmary where you received follow up care. Your care was appropriate." *Id.*

Plaintiff further alleged that on July 30, 2019 Nurse Kelly negligently "failed to read the doctor's order" and provided him with a Dilantin injection, which caused "a violent epileptic seizure" and subsequent hospitalization at an outside medical facility. At some point after his hospitalization, plaintiff alleged that Dr. Todd "re-prescribed" D[i]lantin despite his knowledge of seizures as a side effect. Plaintiff further alleged that, on September 2, 2019, Dr. Todd replaced Dilantin with Kepra because it "was causing plaintiff's red and white blood cell count to drop below normal [and] caused plaintiff's vision to [permanently] blur." On September 15, 2019, plaintiff filed a grievance with the SLCJC "on Dr. Todd's medical negligence concerning [his] having to suffer D[i]lantin Toxicity." ECF No. 1-1 at 1.

Plaintiff requested relief in the amount of $1,500,000 for permanent damage to the nerves in his left leg and $750,000 for emotional and mental distress.

On July 16, 2020, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(b)(1). ECF No. 7. The Court dismissed plaintiff's claim against defendant Nurse Kerri

2

Kelly because plaintiff did not allege that she acted intentionally or purposefully in administering Dilantin. *See id.* at 6 ("Because a claim of mere negligence or medical malpractice is not cognizable in a § 1983 proceeding, plaintiff's claim against Nurse Kelly cannot withstand pre-service review."). The Court also dismissed plaintiff's claims against the Entire Nursing Staff in their individual capacities. *See id.* at 7 ("Conclusory allegations that entire groups have violated a constitutional right are not acceptable and will be dismissed."). The Court, however, issued service on defendant Dr. Todd P. in his individual capacity. The Court held that plaintiff sufficiently pled facts to state a plausible claim of deliberate indifference to survive initial review:

> Here, plaintiff alleges that Dr. Todd continued to prescribe D[i]lantin even after plaintiff was hospitalized for a seizure caused by the medication. This allegation is sufficient to state a claim of deliberate indifference. A seizure is a serious medical need and plaintiff adequately alleged that Dr. Todd knew of and disregarded the serious side effect by continuing to prescribe D[i]lantin.

*Id.* at 5. Dr. Todd P. was later identified as Todd T. Parker, NP. *See* ECF No. 21.

**II.  Legal Standard for Motion to Dismiss**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint.  To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).  But "[c]ourts are not bound to accept as true a legal

3

conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal quotations and citation omitted).

In civil rights actions, a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell*, 550 U.S. at 556. Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

### III. Discussion

The instant motion to dismiss filed by the remaining defendant Todd T. Parker, NP argues plaintiff's allegations fail to state a claim for deliberate indifference as to inadequate medical care because defendant Parker's actions were, at most, negligent. For the following reasons, the Court will deny the motion to dismiss as to plaintiff's claim for inadequate medical treatment.

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). *See also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

4

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991)." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). To prevail on a deliberate indifference claim against a defendant, the plaintiff must show he suffered from a serious medical need and defendants knew of, yet disregarded, the need. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000); *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). "A medical need is serious if it is 'obvious to the layperson or supported by medical evidence, like a physician's diagnosis.'" *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (quoting *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995)). A prison official is culpable for deliberate indifference to that serious medical need if the official is "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually draws that inference. *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004). Thus, a prisoner "'must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

In the instant motion to dismiss, defendant Parker cites to *Lee v. Hill*, Case No. 1:16-CV-46-ACL, 2017 WL 1078556 (E.D. Mo. Mar. 21, 2017), for support that a medical professional's decision to keep an inmate on a prescribed medication, despite an allergic reaction, is medical malpractice or negligence, not the constitutional violation of deliberate indifference. In *Lee*, the plaintiff inmate was prescribed medication even though he suffered reactions that included swelling of the tongue and trouble breathing and swallowing. The Court held: "plaintiff's

5

allegations, at most, establish that [defendants] knew or should have known plaintiff was allergic to the medication, and were negligent by prescribing it and requiring plaintiff to take it. This is tantamount to a showing of medical malpractice or negligence, not deliberate indifference." *Id.* at *3. Defendant Parker further supports his motion for dismissal by citing to parts of plaintiff's complaint where plaintiff repeatedly self-labeled this §1983 action as one for "medical negligence" or "due negligence" as opposed to a constitutional violation.

The Court cannot agree that *Lee* dictates a dismissal here or that plaintiff's use of the word "negligence" in the complaint to describe his claims against defendant Parker caused him to improperly state a claim for deliberate indifference under the Eighth and Fourteenth Amendments for inadequate medical treatment.

First, plaintiff plausibly alleged he suffered from a serious medical need. Plaintiff alleged that after his Dilantin prescription was discontinued by an unidentified doctor for causing him "injury," he was negligently administered a dose of Dilantin by a nurse at SLCJC which caused him to experience a "violent" epileptic seizure requiring hospitalization at an outside hospital. There is no dispute that a seizure is not a serious medical condition. Second, plaintiff asserted that defendant Parker subjectively knew of, but deliberately disregarded a substantial risk of harm by re-prescribing him Dilantin. "Deliberate indifference entails a level of culpability equal to the criminal law definition of recklessness: disregarding a known risk to the inmate's health." *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (internal quotation marks removed). Plaintiff alleged defendant Parker chose to "re-prescribe" Dilantin after plaintiff was hospitalized for a "violent" seizure which was allegedly caused by the drug. Plaintiff stated Parker knew "what D[i]lantin was doing" to him." These allegations suggest Parker was aware he was prescribing a medication that

6

presented a serious danger to plaintiff. Lastly, plaintiff is a self-represented litigant. The Court cannot in good faith determine that plaintiff's repeated use of the word "negligence" throughout his complaint to describe defendant Parker's actions would foreclose him from proceeding with his § 1983 claim.

While defendant Parker appears to argue in the instant motion that plaintiff's allegations are conclusory, the Court finds them sufficient, at this stage of the litigation, to allege that Parker may have been deliberately indifferent to his risk of seizure by continuing the Dilantin prescription after hospitalization. There also appears to be a factual dispute as to whether Dilantin was the cause of plaintiff's seizure or whether his Dilantin prescription was originally discontinued because it caused him seizures or other serious medical side effects. *See e.g.*, *Roberson v. Bradshaw*, 198 F.3d 645, 646-47 (8th Cir. 1999) (reversing summary judgment where there was factual dispute as to whether physician continued to prescribe Glucophage despite inmate's adverse reaction, e.g., dizziness, sweating, nausea, and excessive urination); *Lair v. Oglesby*, 859 F.2d 605, 606 (8th Cir. 1988) (plaintiff stated a claim for relief under § 1983 when he alleged the doctor continued to prescribe medication after being advised plaintiff suffered an allergic reaction, a sore neck and swollen tongue, to the drug). These issues of fact will bear on whether defendant Parker had a culpable state of mind in "re-prescribing" Dilantin or whether his action was mere negligence. *See e.g.*, *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (stating that "deliberate indifference requires a highly culpable state of mind approaching intent," and that negligence or inadvertence does not rise to that level); and *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment). Thus, the Court will

7

decline to dismiss plaintiff's complaint against defendant Parker as to his deliberate indifference claim in the provision of inadequate medical care.

Finally, the Court finds it imperative to note that plaintiff's complaint has not been interpreted to include a claim for deliberate indifference as to a failure to provide medical care or treatment. Although plaintiff began his complaint with the allegation that "Dr. Todd [did] not do[] anything to prevent Plaintiff's condition from getting worse," he admitted defendant Parker continued to treat plaintiff, which involved Parker "re-prescribing" him Dilantin. Moreover, plaintiff attached to his complaint a "Formal Inmate Grievance Response Form" evidencing he received swift medical treatment subsequent to the receipt of his lab results: "When the lab results were received and reviewed, you were sent immediately to the hospital and received care for your symptoms. You then returned to the infirmary where you received follow up care. Your care was appropriate." ECF No. 1-1 at 2. He also confirmed that he was immediately brought to an outside hospital immediately after experiencing seizure symptoms. Consequently, by plaintiff's own admissions and inclusion of the Grievance Response Form, the Court cannot find that he has alleged or has attempted to allege a deliberate indifference claim against defendant Parker as to a failure to treat.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Todd T. Parker's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(B)(6) is **DENIED**.  [ECF No. 21].

A Case Management Order will be entered separately.

Dated this 4th day of February, 2021.

                                                HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE